**FILED**

2017 May-15  PM 04:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se General Complaint for a Civil Case (Rev.10/16)

# United States District Court

## NORTHERN DISTRICT OF ALABAMA

Thresa Lynn Williams
Plaintiff
*(Write your full name. No more than one plaintiff may be named in a pro se complaint)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

-v-

**1:17-cv-00799-KOB**

Case No. _____
(to be filled in by the Clerk's Office)

JURY TRIAL   ☑ Yes   ☐ No

Doris Holmes and Alabama Mental Health Dept., et.al.
Defendant(s)                       (See attached Page 2 )
*(Write the full name of each defendant who is being sued. If the names of all defendants cannot fit in the space above or on page 2, please write "see attached" in the space and attach on additional page with the full list of names)*

## COMPLAINT FOR A CIVIL CASE

### I.   The Parties to This Complaint

**A.   The Plaintiff**
Name:                   Thresa Lynn Williams
Street Address          102 Riddle Road
City and County         Talladega City of Talladega County
State and Zip Code      Alabama 35160
Telephone Number        256 362 7137 or 256 322 1007

**B.   The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. If you are suing an individual in his/her official capacity, include the person's job or title. Attach additional pages if needed.

Pro Se General Complaint for a Civil Case (Rev. 10/16)

Defendant No. 1
    Name
    Job or Title
    Street Address
    City and County
    State and Zip Code

Talladega City Police Dept. and employees
Eric Dean, Jason Freeman,
Jason Busby, Glen Nabors and David Sparks

Defendant No. 2
    Name
    Job or Title
    Street Address
    City and County
    State and Zip Code

Alabama Dept. of Mental Health and Doris Holmes
Employee
100 North Union Street # 518 (or Suite 518)
Montgomery City at Montgomery County
Alabama   36130-1410

Defendant No. 3
    Name
    Job or Title
    Street Address
    City and County
    State and Zip Code

Johnny A. Scales

1950 Plant Road
Talladega City at Talladega County
Alabama 35160

Defendant No. 4
    Name
    Job or Title
    Street Address
    City and County
    State and Zip Code

Adrienne F. Scales Smith

1950 Plant Road
Talladega City at Talladega County
Alabama 35160

Defendant No. 5
    Name
    Job or Title
    Street Address
    City and County
    State and Zip Code

Billy Atkinson
Probate Judge at Talladega County
1 Courthouse Square
Talladega City at Talladega County
Alabama 35160

Defendants - Continued

Thresa Lynn Williams, Plaintiff   v. Doris Holmes and Alabama Mental Health
                                     Department, et. al.

<u>Defendants continue</u>:

6.Talladega County Police Department ..—--
   148 East St. North # 2

Talladega City at Talladega County
Alabama 35160

7. Brookwood Hospital and Dr. Armand Schachter,
   employee
   2010 Brookwood Medical Center Drive
   City of Birmingham at Jefferson County
   Alabama 35209

## II. <u>Basis for Jurisdiction</u> - <u>Defendant No.1</u>

Constitutional and federal questions are the basis for jurisdiction.

B. The basis for jurisdiction are U.S.A. Constitutional federal
   questions that involve violation of my IV., VIII. and XIV. U.S.A.
   Constitutional rights and Section 42 U.S.C. 1983.

## III. <u>Statement of Claim - continues from page 4 of 6</u>

During 3 separate physical altercations my head was placed in a neck hold,
scuffled to the floor, pushed in the chest that provoked me to push back in
self defense before the door was slammed in my face while asking my brother
Willie to remove dead bolt locks from the guess bedroom that prevented me
from getting clothes I had stored in there and the master bedroom that pre-
vented me access to a bathroom while he showered in the hallway bath-
room. Another incident occurred that resulted in a hole in the kitchen door
after I jumped from behind it as it was pushed toward me. Section 42 U.S.C.
1983 states that every person under color of statue of any state who subjects or
causes to be subjected of deprivation of any rights, privilege or immunities secured
by the Constitution and laws shall be liable to the party injured in an action at law,
suit in equity or other proceedings for redress.

Pro Se General Complaint for a Civil Case (Rev 10/16)

      b.    **If the defendant is a corporation** *N/A*

            The defendant, *(name)* _____, is incorporated
            under the laws of the State of *(name)* _____, and has its
            principal place of business in the State of *(name)* _____.
            Or is incorporated under the laws of *(foreign nation)* _____,
            and has its principal place of business in *(name)* _____.

        *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

   3.    The Amount in Controversy

        The amount in controversy – the amount the plaintiff claims the defendant owes or the amount at state – is more than $75,000, not counting interest and costs of court, because *(explain)* _of the se vere nature of the crime that placed plaintiff/pro se litigant in harms way when placed in jail causing reckless endangerment and depraved indifference, cruel and unusual punishment and denied equal protection of and due process of the law, fraud, malicous lie done in bad faith._

**III.**   **Statement of Claim**

Write a short and plain statement of the claim. Briefly state the facts showing that the plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach _policemen_ additional pages if needed. _On 10-15-2015 I called the police dispatcher to_ have policemen _come out to the home house so that I could file a report concerning 3 altercations (physical) involving me and my brother Willie C. Williams. After policemen Jason Busby, Glen Nabors, David Sparks and Eric Dean or Jason Freeman refused to take my statements about the physical altercation denying me of equal protection and due process of the law. I was later arrested that day for domestic violence taking me to jail without showing me a warrant violating_ my _IV. U.S.A. Constitutional rights and when being arrested treated cruelly and with unusual punishment for something I didn't do. I was placed in jail for 3 days (72 hours) the longest they can hold you without being charged, depriving me of life and liberty, VIII and XIV. Amendment rights. Eric Dean and Jason Freeman were the arresting officers who filed a case action_ summary with the _Talladega Municipal Court claiming_ harassment on 10-16-15 _and resisting arrest on 12-16-15_ acts that _has in the future when the claim was made. It all was a fraudulent, malicous lie done in bad faith,_ note page 3of 6, Statement of claim continues.

**IV.**   **Relief**

State Briefly and precisely what damages or other relief the plaintiff asks for the court to order. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive (punishment) or exemplary (warning or deterrent) damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

_Through out these incidents my body is being inflicted with sporadic pain via an electronic device trying to deter me from filing charges and to intimidate me. Due to the severe nature of the crime I'm requesting punitive, compensatory, mental anguish, defamation of character when fraudulent charged and all court related expenses including, copying, court fees, legal representation for pro se litigant, supplies and transportation. I'm requesting a total of 15,000,000.00 million dollars._

## II. Basis for Jurisdiction - Defendant 2

Constitutional and federal question are the basis for jurisdiction.

**B.** Constitutional and federal question that involve violation of my VIII. and XIV. Constitutional rights and Section 42 U.S.C. 1983 are basis for jurisdiction.

## 3. The Amount in Controversy, Defendant No. 2

The severe nature of the crime placed plaintiff / pro se litigant in harms way when Doris Holmes an employee of Alabama Department of Mental Health, who should be held accountable for the actions and inactions of it's employees, neglected to carry out her duties to discourage malice, fraud and bad faith when working with others to have me confined to a mental facility causing defamation of character and slander and allowing me to receive Latuda a medication for depression given via of her employer thus placing my life in harms way.

## III. Statement of the Claim

In addition to the information in #3 above, I'm suing Doris Holmes for possible conspiracy to defame and slander when she signed the petition for involuntary commitment. She and I worked together at the Alabama Department of Human Resources. She couldn't then or now prove incompetency or me being insane. When she signed the petition claiming my insanity before an evaluation was done by a licensed psychiatrist validating her claim she placed my life in harms way allowing cruel and unusual punishment, Amendment VIII. of the U.S.A. Constitution, when stuck with needles and being restrained and caused deprivation of life and liberty, Amendment XIV. of the U.S.A. Constitution. While confined at Brookwood Mental facility in which Doris Holmes helped to get done, I was compelled to take medication I didn't need. I'm asking that the lawsuit against Alabama Department of Mental Health be reinstated. All employers should be held accountable for the malicous behavior on the job to deter all infractions of policy, rules and regulations thus promoting zero tolerance. State agencies are bound by their rules and regulations just as the employees are and neither should have immunity when acting maliciously in bad faith and negligence thus violating Section 42 U.S.C. 1983.

## IV. Relief

Throughout this incident sporadic pain has been inflicted to my body via an electronic device trying to deter me from filing charges and to intimidate me. Due to the severe nature of the crime I'm requesting punitive, compensatory, mental anguish, court related cost including legal representation for plaintiff in the capacity of prose litigant, supplies and travel. I'm requesting 5,000,000.00 from Alabama Mental Health and 1,000,000.00 from Doris Holmes.

<u>Thresa Lynn Williams, Plaintiff</u> v. <u>Doris Holmes and Alabama Mental Health Department, et. al.</u>

**II.** <u>Basis for Jurisdiction - Defendant No. 3</u>

Constitutional and federal questions are the basis for jurisdiction.

**B.** The basis for jurisdiction are U.S.A Constitutional federal questions that involve Amendments <u>VIII</u> and <u>XIV</u> of the U.S.A. Constitution and Section 42 U.S.C. 1983.

**III.** <u>Statement of Claim, continued from page 4 of 6</u>

to say, "She said hush yall, here comes Ethel." My mother wasn't senile. My brother Johnny would show up at the post office and Wal-Mart to many times I was there and it couldn't have been coincidental, not that often. This is why I believe the device could be in him. The baby that came out of my body at Huntsville while I was in college how was the umbilical cord **severed**? It has to be cut and I certainly didn't do it because I didn't know how. I don't know what my brother Johnny did to say that he would kill me if I sent him to prison. I do believe my brother was trying to protect Adrienne when he signed that form saying I was insane but that was the wrong thing to do. I knew people were getting money or material things for their participation in this scandal.

<u>Thresa Lynn Williams</u>        v.   <u>Doris Holmes and Alabama Mental</u>
        <u>Plaintiff</u>                  <u>Health Department, et. al., Defendants</u>

## 3. <u>The Amount in Controversy, Defendant No. 3</u>

Because of the severe nature of the crime that put my life in harms way resulting in reckless endangerment and depraved indifference, cruel and unusal punishment, I'm seeking the maximum that can be awarded for these injustices.

## III. <u>Statement of Claim</u>

I know my brother Johnny was involved in these crimes to what extent I don't know. He admitted himself. I know that Helen, his wife, was deeply involved. I know she received money and possibly the land their house is built on when she conspired with people in this City-of-Talladega, Annie Smith at the Alabama Medi-caid Office I believe and other people who work for the State-of-Alabama when conspiring to take control of what is rightfully mine. They violated my VIII. Amendment rights by depriving me of the life that I could have had, liberty without the complications that placed my life in harms way due to her greed and theirs. Many of these people are state workers in high positions and no state should conspire to take what belongs to it's citizens without compensation. This greed all lead to these injustices that led to cruel and unusual punishment violating my VIII. U.S.A. Constitutional right, lost of my job when she (Helen) contacted my employer. How did she know babies were being aborted if she didn't have the device. I knew they had the device because when I came from work my mother said, "Resa, guess what I heard Helen say," and she went on continue, page 3 of 6.

## IV. <u>Relief</u>

Throughout these incidents my body has been inflicted with pain trying to deter me from bringing charges. I'm requesting punitive damages but I think there are mitigating circumstances. I'm requesting compensatory and defamation of character. I want everything they receive for participating in this heinous crime and every thing that belongs to me. I'm requesting 3 million dollars.

Thresa Lynn Williams      v.  Doris Holmes and Alabama Mental Health
         Plaintiff             Department, et. al.
                               Defendants

## II. Basis for Jurisdiction - Defendant 4

Constitution and federal questions are the basis for jurisdiction.

B. The basis for jurisdiction are U.S.A. Constitution federal questions that involve Amendments VIII. and XIII. of the U.S.A. Constitution and Section 42 U.S.C. 1983.

## III. Statement of Claim, continued from page 4 of 6

Mark Morris said Adrienne has had herpes since she was 12 years of age. Myron Johnson an ex-college friend of Adrienne said, "It isnt what she did to him but what she did to me." He made this statement after I asked him if she had given him something. Helen sister Mary Wells said the Bible foretold of family against family but I didnt know what she was alluding to and she hugged me. These aren't things I heard but statements made directly to me. I believe if given the opportunity I will show that the true motives for my being put in jail and confined in a mental facility are due to police misconduct, not only in my arrest but possibly to conceal money they received but werent entitled to and due possibly to rape or consensual sex with Adrienne Scales Smith who possibly caused wives and friends of these policemen and other men to be infected with the herpes virus. I believe her mother Helen M. Wells Scales found out about the rape or consensual sex incidents and money being received by white people and possibly blacks at that time but without doubt both being recipients of the money that belong to me. I believe she used the information to compel them to do what they done by trying to make me the fall girl to cover up Adrienne's indiscretions when infecting numerous men here at Talladega, Georgia and possibly Washington, D.C. when she was seeking a way out of the trouble she created. I believe they had already planned to release me from the mental facility implying I was crazy when people were being infected knowing all the time it was Adrienne infecting men. I suspected she had herpes when she was beaten up by a young girl on the school bus who I believe she possibly infected indirectly. I saw a bottle of pills for sexually transmitted disease from the Anniston Health Department in the room she slept in when spending the night at my house.

3. The Amount in Controversy, Defendent No. 4 .

I'm seeking the maximum that can be awarded for these injustices because of the severe nature of the crime that put my life in harms way resulting in reckless endangerment and depraved indifference, cruel and unusual punishment.

## III. Statement of Claim

Out of greed Adrienne F. Scales set out to take what belongs to me. She and her mother were the two that are responsible for me loosing my job. It was Adrienne who while infecting men used my name, stolen identity. I know they used the device to try and discredit me. I've suffered immensely because of this. I knew she and her mother were getting paid for these crimes. I believe Adrienne possibly married a relative of Annie Smith, a supervisor there at the Alabama Medicaid Agency, who I believe she and her mother conspired with to steal from me. Helen said that the white folks were going to give her what they are getting. I believe this is money due me from the litigations I've filed and the patent concerning oil. Angie Knight a former co-worker at D.H.R. said to me at a seminar that she wouldn't have done it but she needed the money. Dexter, Adrienne's brother said, "My family ain't shit if they did this to you auntie." My sister Deborah said that she didnt go along with all what was planned. I was told by Gwendolyn Garza that Adrienne only did it to me. My neighbor Belinda Richardson said she paid the money back.

## IV. Relief

Throughout these incidents my body has been inflicted with pain trying to deter me from bringing charges. I'm requesting punitive damages. I want everything they stole and what they were paid for their participation, therefore I'm requesting compensatory, damages for defamation of character, mental anguish and cost for all legal expenses and related cost. I'm requesting 20,000,000.00.

## II. Basis for Jurisdiction - Defendant 5

Constitutional and federal questions are the basis for jurisdiction.

**B.** Constitutional and federal questions that involve violation of my VI., VIII. and XIV. U.S.A. Constitutional rights and Section 42 U.S.C. 1983 are basis for jurisdiction.

## IV. Relief - continues from page 4 of 6

Supplies, transportation, pro se litigant legal representation cost, court cost and related fees. I'm requesting 15,000,000.00 million dollars.

## II. Basis for Jurisdiction - Defendant No. 2

Constitutional and federal question are the basis for jurisdiction.

**B.** Constitutional and federal question that involve violation of my VIII. Constitutional rights and Section 42 U.S.C. 1983 are basis for jurisdiction.

## III. Statement of Claim - continues from page 4 of 6

Alabama Code 1975 indicates that a probate judge isn't a state official and therefore state-agent immunity doesn't exist. Section 42 U.S.C. 1983 states that every person under color of statue of any state who subjects or cause to be subjected of deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity or other proper proceedings for redress. I have never been insane it was all about greed. If I was insane I could have never represented myself and produced the legal documents, won more than 3 cases and help my brother win one.

## 3. The Amount in Controversy, Defendant No. 5

The severe nature of the crime placed plaintiff/pro se litigant in harms way when placed in a mental facility causing reckless endangerment when placed in harms way, unusual punishment when stuck with needles while being restrained, failure to provide due process and protection of it, fraud and maliciously done in bad faith and violation of my constitutional and statutory rights and possible conspiracy in commiting this crime.

## III. Statement of Claim

Probate Judge Billy Atkinson refused to rescind the order declaring me insane after receiving a motion produced by me asking him to reconsider the petition and orders. I believe my brother Willie C. Williams was compelled to file the petition for involuntary commitment based on mitigating circumstances beyond his control involving an electronic device. Judge Atkinson disregarded Psychiatrist Norman D. Huggins evaluation done in a similar scandal, my sister Deborah Williams notarized statement and signatures of people who have known me most of my life attesting to my sound mind. There were no elements of me being mentally insane and the criteria for confinement was never met. There was no past or present evidence of me being a threat to myself or anyone else. I graduated from high school May 1974, got my undergrated degree and master's degree with a 3.75 average on a 4.0 scale. I've worked since I was 12 but unjustly terminated after 26 years of employment and I was my mother's caretaker until she was declared dead which had no adverse effect on my mental state of mind. Judge Atkinson's order for inpatient commitment was signed and dated 11-25-15 which obviously was necessary before confinement on 10-20-15 or would'nt have done it after already issuing an emergency order in which there was never an emergency. I believe Judge Atkinson had other motives concerning this unlawful confinement, wasn't transparent in carrying out his duties and failed to follow simple guidelines of his post thereby abusing his power and possibly conspiring with others to have me confined for 5 months and 19 days. Continue page 3 of 6.

## IV. Relief

Throughout this incident sporadic pain has been inflicted to my body via an electronic device trying to deter me from filing charges and to intimidate me. Due to the severe nature of the crime I'm requesting punitive, compensatory, mental anguish, slander, defamation of character, court related cost including copying, (note page 3 of 6, reason for relief continues)

Thresa Lynn Williams, Plaintiff   v.   Doris Holmes and Alabama Mental Health Department, et. al.

II. Basis for Jurisdiction - Defendant No. b

Constitutional and federal questions are the basis for jurisdiction.

B. Constitutional and federal questions that involve violation of my III. and XIV. U.S.R. Constitutional rights and Section 42 U.S.L. 1983.

### 3. The Amount in Controversy, Defendant No. 6

Due to the severe nature of the crime that placed plaintiff/pro se litigant in harms way when placed in jail that could have resulted in reckless endangerment, I'm requesting punitive damages. I was denied due process of the law and the crime was committed in bad faith and malice. Violating Section 42 U.S.C. 1983.

### III. Statement of Claim.

The Talladega County Sheriff Department and some of it's staff are guilty of my unlawful incarceration and failure to allow me to get access to who I needed to go through to make bail and failed to provide me with equal protection of the law causing deprivation of liberty and violation of my XIV. U.S.A. Constitutional rights and possible theft of a $75.00 money order missing from my personal property. I was incarcerated 3 days, 72 hours, the maximum length of time you can be held if there are no charges. They violated Section 42 U.S.C. 1983 which states that every person under color of statue of any state including policemen who subjects or causes to be subjected of deprivation of any rights, privilege or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity or other proceedings for redress.

### IV. Relief

Throughout this incident sporadic pain has been inflicted to my body via an electronic device and it is more often than sporadic without relenting and showing no remorse. Due to the severe nature of the crime I'm requesting punitive, compensatory, mental anguish, pro se litigant legal cost and fees due to me having to represent myself, court cost and related cost and fees, transportation and supplies. I'm requesting 2,000,000.00.

Thresa Lynn Williams, Plaintiff   v. Doris Holmes and Alabama Mental
Health Department, et. al.
Defendants

## II. Basis for Jurisdiction - Defendant No. 7

Constitutional and federal questions are the basis for jurisdiction.

B. Constitutional and federal questions are the basis for jurisdiction
due to violation of the VIII. Amendment to the U.S.A. Constitution
and Section 42 U.S.C. 1983.

3. The Amount in Controversy, Defendant No. 7

When confined in the mental facility, my life was placed in harms way which could have resulted in reckless endangerment. My VIII. Amendment U.S.A. Constitutional right was violated when I was subjected to cruel and unusual punishment when stuck with needles, while being restrained. I was compelled to take medicine orally that I didn't need. Incidents that resulted in cruel and unusual punishment resulted in violation of Section 42 U.S.C. 1983.

III. Statement of Claim

On 10-20-2015 I was admitted to Brookwood Hospital Mental Facility before any mental evaluation was done and they can never say that I was a threat to myself or anyone else. I knew I wasn't. I was confined there from 10-20-15 to 4-1-16, 5 months and 19 days. This was an unlawful and unnecessary commitment that resulted in me taking medication I didn't need. None of the elements validating an unsound mind was ever present and the criteria for confinement wasn't met. I'm suing Dr. Schachter for prescribing medicine I didn't need and falsifying medical diagnosis. One of the lead administrators abused her power by neglecting to correct the wrong after I talked to her about the problem on two occasion. I was stuck with needles while being restrained. Section 42 U.S.C. 1983 states that every person under color of statue of any state including policemen, city municipal entities, private parties, state and federal employees and others who subjects or causes to be subjected of deprivation of any rights, privilege or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity or other proceedings for redress.

IV. Relief

Throughout this incident sporadic pain has been inflicted to my body via an electronic device trying to deter me from filing charges and to try to intimidate me. Due to the severe nature of the crime I'm requesting punitive, compensatory, mental anguish, pro se litigant legal fees due to me having to represent myself, court cost and related cost and fees, transportation and supplies. I'm requesting 1,000,000.00 from Dr. Schachter and 1,000,000.00 from Brookwood Hospital.

Pro Se General Complaint for a Civil Case (Rev. 10/16)

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

First Name _Thresa_                           Last Name _Williams_
Mailing Address _102 Riddle Road_
City and State _Talladega, Alabama_                          Zip Code _35160_
Telephone Number _256 362 7137 or cell telephone 256 322 1007(govt free phone)_
E-mail Address _None_

Signature of plaintiff _Thresa L. Williams_
Date signed _May 11, 2017_

**OPTIONAL** _Not requested_

You may request to receive electronic notifications. You may not file documents or communicate with the Court electronically. All documents must be submitted in paper and you must serve the defendants.

Type of personal computer and related software/equipment required:
- Personal computer running a standard platform such as Windows or Mac OSX
- Internet access (high speed is recommended)
- A Web browser (Microsoft Internet Explorer 7.0 or 6.0 or Mozilla Firefox 2 or 1.5)
- Adobe Acrobat Reader is needed for viewing e-filed documents
- PACER account – Information and registration at www.pacer.gov.
- You will receive one "free" look of the document. Documents must be viewed within 14 days. You must only single-click on the hyperlink to view.

Note: You must promptly notice the Clerk's Office, in writing if there is a change in your designated e-mail address. Failure to update your email address does not excuse failures to appear or timely respond.

## V. Certification and Closing

I agree
Thresa Williams
102 Riddle Road
Talladega, Alabama
256 362 7137 or cell telephone 256 322 1007, gov't free phone
No email
Thresa L. Williams
May , 2017

** OPTIONAL** Not Requested

### Certificate of Service

On 5-11-2017 I hand delivered or via U.S.A. Postal Service mailed 1st class or certified mail the following enclosed complaint to:

1. Doris Holmes, 10 Beniston Avenue, Talladega, Alabama 35160,
2. Johnny A.Scales and Adrienne F. Scales Smith, 1950 Plant Road, Talladega, Alabama 35160,
3. Talladega City Police Department, et. al., 203 West South Street, Talladega, Alabama,
4. Probate Judge Billy AtKinson and Talladega Probate Office, P.O. Box 737, 1 Courthouse Square, Talladega, Alabama 35161-0737,
5. Brookwood Hospital Board of Directors and Dr. Armand Schachter, Brookwood Hospital, 2010 Brookwood Medical Ctr. Dr., P.O. Box 830913, Birmingham, Al. 35209,
6. Talladega County Police Department, 148 East St. North #2, P.O. Box 996, Talladega, Alabama 35161-0996,
7. Alabama Department of Mental Health, 100 North Union St. #518, P.O.Box 301410, Montgomery, Al. 36130-1410.

Submitted by: Thresa L. Williams, Pro se litigant 5/11/17
Thvesa Lynn Williams
102 Riddle Road, Talladega, Al. 35160
256 362 7137 or 256 322 1007

In the United States District Court of the
Northern District of Alabama

2017 MAY 15  A II: 05

U.S. DISTRICT COURT
N.D. OF ALABAMA

Thresa Lynn Williams          Alabama Supreme Court Case No.
        Plaintiff,                    1160554

Ve                              Talladega Circuit Court Case 61CV16 000190

Doris Holmes and Alabama Mental Health Department, et al.
                                                    Defendants

Motion Appealing Alabama Supreme Court's Decisions
to Dismiss the Motion to Stay and Appeal from the
Talladega Circuit to the Alabama Supreme Court

I'm appealing the decision of the Alabama Supreme Court when
dismissing my appeal relative to 54(b) and dismissal of my
motion to stay pursuant to
Procedural History:
1. On December 8, 2016 I filed the initial complaint with the Talladega
   Circuit Court.
2. 12-16-17 I filed a motion requesting Judge King to recuse himself.
3. 3-2-17 Judge Julian M. King issued an order dismissing the cases
   against Alabama Mental Health Department and Talladega Municipal
   Court and Judge Mark Nelson who I agreed for dismissal. He
   stated that my motion requesting his recusal was due to be overruled.
4. On 3-21-17 I filed an appeal with the Alabama Supreme Court.
5. On 4-7-17 I received a Show Cause order requesting that I show
   why the Alabama Supreme Court should accept the since the order appealed
   from wasn't final pursuant to Rule 54(b).
6. On 4-10-17 I filed a motion for stay and an injunction to stop Judge King

Page 1 of 2

from presiding over the court case, note attached copy of motion.
7. On 4-13-17 I received an order from Judge King dismissing Todd
   H. Barksdal as defendant due to my request. He dismissed defendants
   Talladega City Police Department, Talladega County Sheriff's Dept.
   and Talladega Probate Office. He overruled motion to dismissed against
   Probate Judge Billy Atkinson, Johnny Scales, Jason Freeman, Jason
   Busby, Eric Dean, Glen Nabors and David Sparks. He overruled and
   denied with leave of counsel for said defendants to file summary
   judgement, Rule 56. There are 4 remaining defendants, Doris
   Holmes, Brookwood Hospital and Dr. Armand Schachter, Adrienne
   Scales Smith and Estate of Helen Wells Scales.
8. On May 8, 2017 I received an order stating that the appeal is dis-
   missed as arising from a non-final order stating that the appeal
   to stay is dismissed. The court case therefore remains with the
   Talladega Circuit Court for a final ruling on defendants.

I'm requesting a stay of this appeal pending the Talladega
Circuit Court's final order, Rule 8.

Theresa L. Williams, Pro se litigant 5/11/17
Thresa Lynn Williams
102 Riddle Road, Talladega, Al. 35160
256 362 7137 or 256 322 1007

2 of 2

Certificate-of-Service

On 5-11-17 I hand delivered or via U.S.A. Postal Service mailed 1st class or certified mail the following enclosed Motion to:

1. Doris Holmes, 10 Bemiston Ave., Talladega, Al. 35160,
2. Johnny A. Scales and Adrienne F. Scales Smith, 1950 Plant Road, Talladega, Alabama 35160,
3. Talladega City Police Department, et. al., 203 West South St., Talladega, Al. 35160,
4. Probate Judge Billy Atkinson and Talladega Probate Office, 1 Courthouse Square, P.O. Box 737, Talladega, Al. 35161-0737,
5. Brookwood Hospital Board of Directors and Dr. Armand Schachter, Brookwood Hospital, 210 Brookwood Medical Center Dr., P.O. Box 830913, Birmingham, Al. 35209,
6. Talladega County Police Dept., 148 East St. North #2 , P.O. Box 996, Talladega, Al. 35161-0996,
7. Alabama Department of Mental Health, 100 North Union St., #578, P.O. Box 301410, Montgomery, Al. 36130-1410

Thresa L. Williams, Pro se Litigant

Thresa Lynn Williams

102 Riddle Rd., Talladega, Al. 35160
256 362 7137
5-11-2017



# IN THE SUPREME COURT OF ALABAMA

May 3, 2017

1160554

Thresa Lynn Williams v. Doris Holmes and Alabama Mental Health Department, et al.  (Appeal from Talladega Circuit Court: CV-16-181).

### ORDER

The Notice of Appeal filed by Thresa Lynn Williams on March 30, 2017, having been submitted to this Court,

IT IS ORDERED that the appeal is DISMISSED as arising from a non-final order.

IT IS FURTHER ORDERED that the Motion to Stay is DISMISSED as MOOT.

**Stuart, C.J., and Bolin, Parker, Murdock, Shaw, Main, Wise, and Bryan, JJ., concur.**

**I, Julia Jordan Weller, as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true, and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.**

**Witness my hand this 3rd day of May, 2017.**

*Julia Jordan Weller*

**Clerk, Supreme Court of Alabama**

cc:
Julian M. King
Talladega County Circuit Clerk's Office
Thresa Lynn Wiliams
Todd H. Barksdale
B. Clark Carpenter, Jr.
Simone Horn

4009

<u>In The Alabama Supreme Court</u>

<u>Appealed from the Talladega County Circuit Court of Alabama</u>

<u>Thresa Lynn Williams</u>        <u>Appeal Court Case Number: 1160554</u>
       <u>Appellant.</u>        <u>Talladega Circuit Case b1CV16-000181.00</u>

V.

<u>Boris Holmes and Alabama Department of Mental Health; Talladega City Policemen Jason Freeman, Jason Busby, Eric Dean, Glen Nabors, David Sparks and Talladega City Police Department; Talladega County Police Department; Probate Judge Billy Atkinson and Talladega Probate Office; Dr. Armand Schachter and Brookwood Hospital; Adrienne F Seales Smith, Johnny A. Seales and Estate of Helen M. Seales and Attorney Todd Barksdale, Appellees.</u>

<u>Motion</u>

<u>Appellant's Motion for Stay and Injunction;Rule8 of Alabama Appellate Procedure and/or Pursuant to 54(b).</u>

On 12-16-2016 I filed a motion requesting Judge Julian King to recuse himself from the trial court case b1CV16-000181.00. On 1-18-17 I filed a motion, Exhib D, for due diligence, protocol and injunction, with the Alabama Supreme Court and received the enclosed letter from your court dated 1-25-17, Exhibit E. On Judge Julian M. King's March 2, 2017 order he refused to recuse himself and stated it was without merit and didn't warrant a recusal. I believe Judge King refuses to recuse himself because he is wanting to remain over the proceedings to cover up property he has at Lincoln, Alabama and possibly other property that isn't legally his but belongs to heirs of my

Page 1 of 4
Exhibit E
Page 24 of 31

grandfather Judson Truss and this is why I believe he denied me and my siblings of our inheritance at the trial, Case LV-1999-517 after I filed a 3-10-2004 motion that Judge King acted on allowing us to prove paternity. On 6-1-06 Judge King entered a final order dismissing the complaint with prejudice even after certified paternity test with a 99.99% accuracy. Alabama Code 43-8-48(2)(b) 1975 allows an illegitimate child to establish paternity by clear and convincing evidence which also include signed statements from people we grew up with and one of our half siblings Anna Truss attesting to our relationship. There was no 10 year bar as Judge King claimed, Amendment XIV., State v. Martin, 437 So. 2d 1311, Ala. Civ. App. 1983 and Ala. Code 43-8-48(2)(b), Dorothy B. Free, et al. v. Douglas Bernard Free, Civ. No. 5002, 507 So. 2d 930; 1986 Ala. Civ. App. Lexis 1256. I filed a timely notice of appeal on 7-7-06 to the Alabama Supreme. Court but it was transferred to the Alabama Court of Civil Appeals, Court Case 2050921, even though the amount of relief was in excess of 50,000.00 and was. XIV. U.S.A. Constitution federal question. The Alabama Appeals Court affirmed his decision and now the case is still pending at the U.S.A. Supreme. Court. Obviously Judge King cant render an unbias opinion and one without prejudice due to this conflict of interest. He has ruled against me when filing affidavits of hardship when I have been entitled to it. If Judge King is allowed to remain over this case proceedings the pending complaint against Probate Judge Billy Atkinson having me committed to a mental institution even after convincing evidence that I am not insane and no threat to myself and no one else, Exhibits A(1-3), Exhibit B and C filed with pending appeal at your court, it will allow them to have control over my estate via conservatorship and Judge King will have the means to circumvent the law in getting title to the property. Therefore, I prayfully petition the court for stay of the appeal and to issue an injunction to stop Judge King from continuing to preside over the case as I've shown more than probable cause allowing

2 of 4

territory jurisdiction.

## Pursuant to 54(b) Rule:

It is obvious Judge King intentionally planned to jeopardize my appeal via dismissal due to lack of a final order causing me undue financial hardship and injustice through delay which can be alleviated by immediate appeal. I prayfully request the court to order Judge King to certify the appeal on an express determination that there is no just reason for delay. I believe Judge King intentionally manipulated the appellate process for personal gain. Technically, it is a final order on the claim against one of the defendants in a multidefendant lawsuit and should be stayed or held until the last motion judgement is acted on to prevent undue financial hardship on appellant and tax payers causing stress. Due to indigent status, no income except for money I borrowed and lack of transportation the handwriting constitutes the closest approximation of Courier New 13. There are no Rule 52 or 56 provisions required.

Thresa L. Williams, Pro se litigant 4/10/17
Thresa Lynn Williams
102 Riddle Road, Talladega, Al. 35160
256 362 7137 and 256 322 1007.

## Certificate-of-Service

On April 11, 2017 I hand delivered or via U.S.A. Postal Service mailed 1st class or certified mail the following motion to:
1. Doris Holmes, 10 Bemiston Ave., Talladega, Alabama 35160,
2. Alabama Department of Mental Health, 100 N. Union St. #518, p.o. Box.

3 of 4
