IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| THRESA LYNN WILLIAMS, | ) | |
| | ) | |
| PLANITIFF, | ) | |
| | ) | |
| v. | ) | 1:17-CV-00799-KOB |
| | ) | |
| DORIS HOLMES, | ) | |
| ALABAMA DEPT. OF MENTAL HEALTH | ) | |
| et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's motion for leave to proceed i*n forma pauperis.* (Doc. 2). Having reviewed the plaintiff's *in forma pauperis* affidavit (doc. 2), this court finds that the plaintiff qualifies as a pauper and GRANTS plaintiff's motion to proceed without payment of the filing fee.

The court has an obligation to review *sua sponte* the merits of *in forma pauperis* matters. Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case at any time, notwithstanding filing fees, if "the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." A frivolous claim "lacks an arguable basis either in law or in fact… [and] embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

1

Although the court is required to show leniency to a pro se plaintiff's pleadings, her complaint is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Pro se complaints must "comply with the procedural rules that govern pleadings." *Beckwith v. Bellsouth Telecomms. Inc.*, 146 Fed. Appx. 368, 371 (11th Cir. 2005). Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must plead more "than labels and conclusions… Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Under 28 U.S.C. § 1915(e)(2)(B)(iii), a court must dismiss a claim by a plaintiff proceeding *in forma pauperis* if the complaint fails to state a claim on which relief may be granted or if the complaint seek monetary relief from an immune party.

In an abundance of caution, the court grants the plaintiff's motions to amend (docs. 5 & 6) and will address, in this order, her claims against the defendants included in those amendments. In this case, the pro se complaints consist of 41 pages of allegations against 19 defendants. After carefully reviewing the complaint, the court ORDERS as follows:

1. The court DISMISSES WITH PREJUDICE as a matter of law the plaintiff's causes of action relating to any federal or state crimes because criminal statutes do not create a private right of action in a private citizen to file criminal charges. *See, e.g., Adventure Outdoors, Inc. v. Bloomberg,* 552 F.3d 1290, 1303 (11th Cir. 2008) (rejecting notion that Congress authorized "a federal private right of action any time a civil plaintiff invokes a federal criminal statute").

2. The court DISMISSES WITH PREJUDICE as a matter of law all claims against the defendant Probate Judge Billy Atkinson in his official capacity, based on judicial

immunity. As alleged in the Complaint, Judge Atkinson was acting within his judicial capacity; the acts of which the plaintiff complains constituted judicial functions involving cases pending before him. *See Sibley v. Lando*, 437 F.3d 1067, 1070-71 (11th Cir. 2005) (explaining that judges involved in normal judicial functions involving cases pending before them are entitled to judicial immunity absent a "clear absence of jurisdiction"). The plaintiff failed to allege a claim upon which relief can be granted against this defendant because she makes no claim that the defendant acted outside of his judicial capacity.

3. The court DISMISSES WITHOUT PREJUDICE all claims against the Talladega Police Department and Talladega County Sheriff's Department for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983. The plaintiff alleges that the defendants violated her Eighth and Fourteenth Amendment rights when they unlawfully incarcerated her, arrested her without a warrant, and failed to give her bail. However, the plaintiff offers these allegations as mere conclusions with no supporting facts and fails to sufficiently allege that the municipality or the police department had a wide-spread custom or practice that constitutes deliberate indifference to constitutional rights. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) ("To impose § 1983 liability on a municipality, a plaintiff must show… that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right… and… that the policy or custom caused the violation.") (emphasis added).

4. The court DISMISSES WITHOUT PREJUDICE all § 1983 claims against the Alabama Department of Mental Health (ADMH) for failure to state a claim upon which relief can be granted. The plaintiff seeks to hold ADMH responsible for the actions of

Doris Holmes, an employee of the department, for defamation and slander because of the plaintiff's involuntary commitment to a mental institution. The plaintiff also alleges that ADMH built property on her grandfather's land, and wants the "truth to be ascertained." These allegations by the plaintiff against ADMH under § 1983 involve no cognizable deprivation of federal statutory or constitutional rights. Therefore, no federal cause of action § 1983 exists for this allegation against ADMH.

5. The court DISMISSES WITHOUT PREJUDICE all claims against defendants Officers Eric Dean, Jason Freeman, Jason Busby, Glen Nabors, and David Sparks for failure to state a claim upon which relief can be granted. The plaintiff alleges that these defendants violated § 1983 by infringing on her Fourth, Eighth, and Fourteenth Amendment rights, because they refused to take her statement, did not show her an arrest warrant, and jailed her for 72 hours without the chance to post bail.

The allegations by the plaintiff against these defendants under § 1983 involve no cognizable deprivation of federal statutory or constitutional rights. The Eighth Amendment does not grant a specific right to bail but only disallows excessive bail. *See United States v. James*, 674 F.2d 886, 896 (11th Cir. 1982). Moreover, officers are entitled to qualified immunity if an arrest is made with arguable probable cause. *See Jones v. Cannon,* 174 F.3d 1271, 1283 (11th Cir.1999).

Here, the claimant does not have a right to bail, and based on the plaintiff's facts in the complaint, the arresting officers had arguable probable cause to arrest her for domestic violence, so they are immune from suit. Therefore, no federal cause of action exists for this § 1983 allegation against these defendants.

6. The court DISMISSES WITHOUT PREJUDICE all § 1983 claims against defendants Doris Holmes, Johnny A. Scales, Adrienne F. Scales Smith, Dr. Armand Schachter, Margaret Key Scales, Russell Alan Hamlin, Cinthia Darlene Hamlin, Brookwood Hospital, the Estate of Helen M. Scales, and Todd H. Barksdale for failure to state any plausible federal cause of action upon which relief can be granted. Section 1983 requires that a state actor under color of state law commit the conduct of which the plaintiff complains. *See Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 156-57 (1978). These defendants are *not* state actors, and thus, no federal cause of action exists under § 1983 against these defendants.

The court notes that the plaintiff has a parallel state action in Talladega County Circuit Court, *Williams v. Holmes*, CV-2016-000181.00,[1] which substantially involves the same issues. Although the state court dismissed the claims against the Alabama Department of Mental Health, the claims against all other defendants remain pending in state court.

7. The court DISSMISSES WITHOUT PREJUDICE any remaining state law claims against all defendants because no diversity or federal question jurisdiction exists for the court to decide any state law claims.

Based on the rulings above, no defendants or claims remain in this case.

DONE and ORDERED this 5th day of September, 2017.

_Karon O. Bowdre_
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The state case *Williams v. Holmes* involves the following defendants from this federal action: Doris Holmes, Alabama Department of Mental Health, Jason Freeman, Jason Busby, Eric Dean, Glen Nabors, David Sparks, Talladega Police Department, Talladega County Police Department, Probate Judge Billy Atkinson, Dr. Armand Schachter, Brookwood Hospital, Adrienne F. Scales, and Johnny A. Scales.